# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 22, 2009

No. 07-60506
Summary Calendar

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

TIMOTHY L. STACKER

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:05-CR-121-1

Before HIGGINBOTHAM, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Timothy Stacker appeals the sentence imposed following his guilty plea to two counts of being a felon in possession of a firearm and one count of possession with intent to distribute a mixture and substance containing cocaine base. Stacker argues that the district court erred by enhancing his sentence pursuant to U.S.S.G. § 2D1.1(b)(1), which applies where a "dangerous weapon (including a firearm) was possessed," because when police searched his house a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

pistol was found in a separate room from the cocaine and drug paraphernalia. He argues that the district court erred in finding the weapon was "accessible."

When reviewing for procedural error in the application of the Guidelines, we examine the district court's interpretation or application of the Guidelines *de novo*, and its factual findings for clear error.[1] A § 2D1.1 enhancement is appropriate if a weapon is present "unless it is clearly improbable that the weapon was connected with the offense."[2]

In *United States v. McKeever*,[3] this Court affirmed a § 2D1.1 enhancement even though the weapons were not in the same room as the drugs: "While it is true that none of these weapons was discovered in the laboratory area, the judge was entitled to infer that they were still 'present' within the meaning of Application Note 3." Here, the record establishes that an operational .380 caliber pistol was found in Stacker's residence the day after Stacker had sold illegal drugs from the residence. It is not clearly improbable that the weapon was connected with the offense.[4]

AFFIRMED.

---

[1] *U.S. v. Armstrong*, 550 F.3d 382, 404 (5th Cir. 2008).

[2] U.S.S.G. § 2D1.1, comment 3.

[3] 906 F.2d 129, 134 (5th Cir. 1990).

[4] U.S.S.G. § 2D1.1, comment 3 states that the enhancement would not apply if the defendant "had an unloaded hunting rifle in the closet." That is not the case here. Stacker had an operational pistol in a room in the house.